**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Stephen Main, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.:18 CV -3870 |
| v. | ) | |
| | ) | |
| | ) | |
| Simon Ward, an individual, and | ) | |
| Scottish Soccer Academy, LLC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff Stephen Main ("Plaintiff" or "Main"), by and through his attorney, and for his Complaint against Defendants Scottish Soccer Academy, LLC., and Simon Ward, an individual (Collectively, "Defendants"), states as follows:

### NATURE OF CLAIMS

1.      Plaintiff brings this individual action to challenge Defendants' violations of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL").  This case is filed to recover unpaid wages for overtime and/or minimum wages owed for work performed for which Plaintiff was not compensated.

2.      Due to Defendants' wage violations, Plaintiff was deprived of overtime and/or minimum wages in violation of the FLSA and the Illinois Minimum Wage Law ("IMWL"), wages pursuant to an employment Agreement and/or contract not paid to Plaintiff in violation of the Illinois Wage Payment Collection Act ("IWPCA"), and

1

Defendants were unjustly enriched under Illinois common law by not compensating Plaintiff for his work performed.

3. Plaintiff brings this individual action to challenge Defendants' violations of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL") in that Defendants, under both federal and state wage laws, misclassified Plaintiff as an "independent contractor(s)" thus did not pay Plaintiff minimum wages, overtime wages, and/or all owed wages due under the FLSA and/or Illinois Wage Laws.

4. Plaintiff also brings claims of salary misclassification, as Defendant failed to fulfill all the salary duties required of an employer, thus Plaintiff is owed minimum wages, overtime wages for the three months of unpaid work as well as overtime wages for his entire work time with Defendants.

5. Plaintiff also brings claims, in the alternative, for breach of contract.

6. At all times relevant to this Complaint, Plaintiff was intentionally and improperly classified by Defendants as an independent contractor, but in reality he was an employee of Defendant subject to the requirements of the Fair Labor Standards Act and the Illinois Minimum Wage Act.

7. As a result of Defendant's intentional misclassification of Plaintiff, Plaintiff was paid no wages at all and he is owed full minimum wages.

**THE PARTIES**

8. Plaintiff Stephen Main worked in this judicial district. Plaintiff's consent to become a party plaintiff is attached as Exhibit 1 to this Complaint.

9. Defendant Scottish Soccer Academy, a sole proprietorship, was an entity created by Defendant Scott Ward.

10.     Defendant Scott Ward is the creator and owner of Scottish Soccer Academy.

11.     At all times relevant hereto, Defendant Scott Ward was involved in the day-to-day business operations of Scottish Soccer Academy, had authority to hire and fire employees, directed and supervised the work of employees (including Plaintiff), had authority to sign business checks, made business decisions regarding Plaintiff's compensation, and had a responsibility to act in the interest of the soccer academy in devising, directing, implementing, and supervising the wage and hour practices and policies relating to Plaintiff, further Defendant was the party who caused Plaintiff to be unpaid and owed wages and violated the IWPCA, thus is personally liable under the FLSA, IWML and IWPCA.

12.     At all material times hereto, Defendants were "employers" of Plaintiff as defined in the FLSA, 29 U.S.C. § 203(d), the IMWL, and the IWPCA, 820 ILCS § 115/2.

13.     At all material times hereto, Plaintiff was employed by Defendants as an "employee" within the meaning of § 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1) and within the meaning of the IMWL and the IWPCA, 820 ILCS § 115/1 *et seq.*

**JURISDICTION AND VENUE**

14.     Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's IMWL, IWPCA, and unjust enrichment claims pursuant to 28 U.S.C. § 1367.

15.     At all times relevant to this action, Defendants were engaged in commerce and/or the production of goods for commerce and/or Defendants were

3

engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

16.     Venue is proper pursuant to 28 U.S.C. § 1391(b) in that the Defendants are located in this Judicial District and a significant part of the conduct that gives rise to this claim occurred within the Northern District of Illinois.

## JURISDICTION IS ESTABLISHED VIA ENGAGEMENT IN COMMERCE BY DEFENDANTS AND PLAINTIFF

## DEFENDANTS ARE ENTERPRISES THAT REGULARLY AND RECURRENTLY HAVE AT LEAST TWO EMPLOYEES ENGAGED IN COMMERCE

17.     Each of the Defendants, all Defendants, are enterprises that regularly and recurrently have at least two employees engaged in commerce.

18.     Plaintiff's engagement in commerce included conducting a weekend coaching in Fort Wayne, Indiana, thus engaged in interstate commerce.

19.     Plaintiff engaged in commerce, via traveling from one state (Missouri) to another (Indiana) on Defendant business (which is located in yet another state (Illinois)).

20.     Plaintiff in his work for Defendants stayed in a hotel in out-of-state location, making other purchases in another state, such as gas, drinks and food.

21. Further the majority of Plaintiff's administrative work such as answering emails, taking phone calls with parents, submitting uniform orders etc... was carried out while Plaintiff was in Missouri and the Defendant is located in Illinois.

22. Further the parents who contacted Plaintiff were in Illinois while Plaintiff was in Missouri.

23. Further the submission of uniform orders was done from Missouri to yet another state, and those uniform items were shipped to a third state, Illinois.

24. Further the uniform items purchased by the Defendants' customers were not made in Illinois or even the United States, rather the uniforms were manufactured overseas.

25. Most of the actual coaching work was executed in Winnetka, Kenilworth and Glencoe (IL) however, that was only a fraction of the Plaintiff's responsibilities.

26. Defendant had around 500 Children in the academy at the time, thus Plaintiff's administrative work was very large.

27.     Each of the Defendants, all Defendants, are enterprises that regularly and recurrently have at least two employees engaged in commerce.

28.     "*all* of the employer's employees are covered under [FLSA] as long as at least *some* handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce." **Jones v. E. Brooklyn Security Services Corp.,** No. 11-CV-1021, 2012 WL 3235784, at *4 (E.D.N.Y. Aug. 7, 2012) (quoting 29 U.S.C. § 203(s)(1)(A)).

29.     Courts have found this element satisfied where employees "merely handled supplies or equipment that originated out-of-state." **Rodriguez v. Almighty Cleaning, Inc**., 784 F.Supp.2d 114, 354*354 120 (E.D.N.Y.2011). Enterprise coverage "applies so long as some of the employees wear uniforms or use items such as radios, books, flashlights, clipboards, brooms, bags, and cleaning supplies that have moved in interstate commerce." **Archie v. Grand Cent. P'ship,** 997 F.Supp. 504, 531-32 (S.D.N.Y.1998) (listing cases)).

30.     Here Plaintiff used soccer balls, soccer nets, flashlights, clipboards, bags, and uniforms that moved in interstate commerce.

## FACTUAL BACKGROUND

31.     Stephen Main was employed by Scottish Soccer Academy from approximately August 4, 2014 until his voluntary departure on December 6, 2016.

32.     Pursuant to written and oral communications, Defendants agreed to pay Plaintiff $2,000.00 per month for Plaintiff's work and labors.

33.     Further Defendants paid Plaintiff at this rate of pay, $2,000 per month, for some time, further evidencing and affirming the Agreement to pay him $2,000 per month.

34.     However after paying Plaintiff for many months, $2,000 per month, suddenly and without agreement by Plaintiff, Defendants stopped paying Plaintiff for his work for Defendants.

35.     Plaintiff patiently waited to be paid and continued to perform work for Defendants for several more months.

36.     After several months of non-payment Plaintiff provided Defendants with a resignation.

37.     Upon Plaintiff's departure on December 6, 2016, Plaintiff had not been paid for five months.

38.     Plaintiff is owed and claims owed wages in the amount of 5 months wages, in the monthly amount of $2,000 per month, and is owed $10,000 in back wages.

6

39.     In the alternative, Plaintiff is owed minimum wages and overtime wages for those five months of work.

40.     Plaintiff also claims that due to Defendants failures to pay his wages, he was misclassified and is owed overtime wages for his entire work time with Defendants.

41.     Plaintiff presents and claims minimum and overtime wages for the months of the five months preceding December of 2016.

42.     Plaintiff was not paid minimum and overtime wages in July of 2016, despite working many hours in July of 2016.

43.     Thus Plaintiff was not paid minimum wage in the first week of July 2016.

44.     Thus Plaintiff was not paid minimum wage in the second week of July 2016.

45.     Thus Plaintiff was not paid minimum wage in the third week of July 2016.

46.     Thus Plaintiff was not paid minimum wage in the last week of July 2016.

### IWPCA claim

47.     While Plaintiff was not paid minimum wages for work performed in five months during 2016, Plaintiff was also not paid in accord with Plaintiff and Defendants' IWPCA Agreement to pay Plaintiff $2,000 per month.

48.     Thus Plaintiff is also owed, pursuant to Defendants violation of their IWPCA agreement, $2,000 per month, for each month worked, for which Plaintiff was not paid.

49.     Further the individual Defendant was the person who caused Defendants failure to pay the IWPCA wages, thus the individual Defendant is named as a Defendant on that basis.

## EMPLOYEE/CONTRACTOR MISCLASSIFICATON FACTS

50.     Plaintiff appears to have been paid and/or classified as an "Independent Contractor".

51.     Plaintiff was clearly misclassified as an Independent Contractor, as the tests for consideration of the proper classification clearly favor a finding of Plaintiff being an employee, not a contractor.

52.     All actions by Defendant were willful and not the result of mistake or inadvertence.

53.     Plaintiff had little to no control over his work environment.

54.     Defendant set the rules and had complete control over the venue, and Plaintiff had to obey these rules or risk everything, including loss of his job. This is the very hallmark of the economic dependence and control of an employer-employee relationship.

55.     Despite being on notice of its violations, Defendant chose to continue to misclassify Plaintiff and withhold all wages to them in effort to enhance their profits.

56.     Defendant knew that persons such as Plaintiff to be an employee that should be paid under the law, and has simply chosen not to pay him as an employee.

57.     Evaluation of proper classification is a multiple part test, which the Defendants have not properly applied to Plaintiff in determination of his status, rather Defendants simply assumed incorrectly that the Plaintiff and other employees were independent contractors, simply because the Defendants declared them to be.

8

58.     The test for Employee/contractor is found in a US DOL Fact Sheet #13: Am I an Employee?: Employment Relationship Under the Fair Labor Standards Act (FLSA).

59.     The elements of this test demonstrate that Plaintiffs are not properly classified. The elements are as follows:

   a.  the extent to which the work performed is an integral part of the employer's business.

   b.  Whether the worker's managerial skills affect his or her opportunity for profit and loss.

   c.  The relative investments in facilities and equipment by the worker and the employer

   d.  The worker's skill and initiative.

   e.  The permanency of the worker's relationship with the employer.

   f.  The nature and degree of control by the employer

60. Almost none of these factors in the test are in Defendants' favor, as each is in Plaintiff's favor as alleged as follows:

   a.  the extent to which the work performed is an integral part of the employer's business:

The work of the Plaintiff is integral part of the employers' business.

Defendants' business is teaching of soccer to children and the Plaintiff's work is solely related to that business: the Plaintiff worked on the soccer business teaching children soccer skills, which is the key of the Defendants' business model.

b. Whether the worker's managerial skills affect his or her opportunity for profit and loss.

Here there was no opportunity for profit or loss, the Plaintiff was paid the same baseline pay, but were paid no wages.

c. The relative investments in facilities and equipment by the worker and the employer.

Here Plaintiff made/make no investment other than his time and efforts. In contrast the Defendants spent thousands of dollars on field rental, equipment purchases, League fees, and other costs of business.

d. The worker's skill and initiative.

Here the Plaintiff concedes that the Plaintiff is a skilled soccer instructor, but this is the only aspect which impels a Contractor finding.

e. The permanency of the worker's relationship with the employer.

Plaintiff worked for Defendants for some time, from 2014 to 2016. Thus another factor in favor of finding Plaintiff an employee, not a contractor.

f. The nature and degree of control by the employer

Here Defendants have exerted strong and consistent control of employees, from requiring hours of work, scheduling hours of work, and mandating attendance.

**COUNT I**
**Fair Labor Standards Act – Minimum and Overtime Wages**
**Individual Action under 29 U.S.C. § 216(b)**

61.     Plaintiff realleges and incorporates by reference all paragraphs contained within this Complaint, as if fully set forth herein.

10

62.     Plaintiff was an employee entitled to the statutorily mandated minimum hourly wage and overtime wages for all hours over 40 in a work week.

63.     Defendants failed to pay the federal minimum wage of $7.25 and/or Plaintiff's overtime wages.

64.     Defendants' failure to pay minimum wage and/or overtime wages to Plaintiff was willful. Defendants knew Plaintiff was not earning an average hourly wage at least equal to the required minimum wage and had no reason to believe their failure to pay minimum wage was not a violation of the FLSA.

65.     Plaintiff is entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to liquidated damages and attorneys' fees.

WHEREFORE, Plaintiff prays for a judgement against Defendants as follows:

a.     Payment of unpaid minimum wages and liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

b.     An injunction requiring Defendants to pay all statutorily required wages pursuant to Illinois law;

c.     Attorneys' fees and costs of this litigation; and

d.     Such other relief as this Court shall deem just and proper.

**COUNT II**
**Illinois Minimum Wage Law – Overtime Wages**

66.     Plaintiff realleges and incorporates by reference all paragraphs contained within this Complaint, as if fully set forth herein.

11

67. Defendants failed to compensate Plaintiff overtime wages for overtime hours worked in violation of IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.*

68. Defendants willfully failed to pay overtime wages due to Plaintiff.

69. Plaintiff seeks all overtime and other wages due, liquidated damages, statutory damages, prejudgment interest and any other damages due.

WHEREFORE, Plaintiff prays for a judgement against Defendants as follows:

    a.    Payment of unpaid overtime wages and a penalty in the amount of 2% of the amount of the unpaid overtime for each month the wages remain unpaid;

    b.    An injunction requiring Defendants to pay all statutorily required wages pursuant to Illinois law;

    c.    Attorneys' fees and costs of this litigation; and

    d.    Such other relief as this Court shall deem just and proper.

## COUNT III
### Illinois Minimum Wage Law – Minimum Wages

70. Plaintiff realleges and incorporates by reference all paragraphs contained within this Complaint, as if fully set forth herein.

71. Defendants were aware of their obligation to pay state minimum wages pursuant to the IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.*

72. Defendants failed to pay the Illinois minimum wage of $8.25 for the 3 years immediately preceding the filing of this Complaint.

73. Defendants failed to compensate Plaintiff minimum wage as required by IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.*

74. Defendants willfully failed to pay minimum wage due to Plaintiff.

WHEREFORE, Plaintiff prays for a judgement against Defendants as follows:

12

a. Payment of unpaid minimum wages and a penalty in the amount of 2% of the amount of the unpaid overtime for each month the wages remain unpaid;

b. An injunction requiring Defendants to pay all statutorily required wages pursuant to Illinois law;

c. Attorneys' fees and costs of this litigation; and

d. Such other relief as this Court shall deem just and proper.

## COUNT IV
## Illinois Wage Payment and Collection Act (IWPCA)

75. Plaintiff realleges and incorporates by reference all paragraphs contained within this Complaint, as if fully set forth herein.

76. Plaintiff worked for and was employed by Defendants.

77. Section 2 under the Illinois Statute 820 ILCS § 115/2, defines wages as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties…"

78. The Illinois Wage Act 820 ILCS 115/1 et seq. (West 2002), section 5 states "Every Employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

79. Defendants agreed to compensate Plaintiff $2000.00 per month of work for the Academy.

80. Defendants violated their employment agreement with Plaintiff by failing to pay him for all the time he worked as required by the IWPCA and/or failed to pay Plaintiff in accord with the parties IWPCA Agreement.

13

81. Additionally Plaintiff and Defendants agreed to payment in communications and/or by actions such as paying $2,000 per month.

82. Additionally Plaintiff was promised a bonus payment, which was also not paid, despite having been promised and agreed-to.

WHEREFORE, Plaintiff prays for a judgement against Defendants as follows:

    a.    Payment of unpaid final compensation and wages pursuant to the IWPCA;

    b.    An injunction requiring Defendants to pay all statutorily required wages pursuant to Illinois law;

    c.    2% per month penalty as per provisions of the IWPCA.

    d.    Attorneys' fees and costs of this litigation; and

    e.    Such other relief as this Court shall deem just and proper.

**COUNT V**
**Unjust Enrichment**

83. Plaintiff realleges and incorporates by reference all paragraphs contained within this Complaint, as if fully set forth herein.

84. Plaintiff provided services to Defendants in 2016, as detailed above. Partly due to Plaintiff's efforts, the Academy received additional revenues and/or profits.

85. Defendants unjustly retained the benefits of Plaintiff's services to his detriment.

86. Defendants' retention of the benefits violates the fundamental principles of justice, equity, and good conscience.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

14

a. Compensatory damages;

b. All damages allowed under the unjust enrichment claim; and

c. Such other relief as this Court shall deem just and proper.

## COUNT VI
## SALARY MISCLASSIFICATION

87. Plaintiff repeats and re-alleges all paragraphs of that complaint as though fully set forth herein.

88. The Fair Labor Standards Act, 29 U.S.C. §207(a)(1), states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

89. Here Plaintiff regularly worked more than 40 hours per week, but he was not paid overtime.

90. Defendants failed to pay overtime wages and other benefits to Plaintiff by improperly classifying him as a Salaried employee.

91. Defendants lose this claim of exemption based on

a. Failing to maintain salaried work as the "primary duty" for Plaintiff

b. Paying less than the required minimum salary.

c. Other failed salary requirements.

92. Defendants' actions were willful. Defendants deliberately paid Plaintiff as an exempt employee, knowing or should have known of the failing to maintain salaried work as the "primary duty" for Plaintiff and/or paying less than the required minimum salary.

93. Individual Defendant (hereinafter "Individual Defendants") are named as a Defendant pursuant to the FLSA as these managers/owners were the ultimate decision makers for the various wage violations by Plaintiff, including not paying Plaintiff.

94. The Individual Defendants were the owners and/or managers who decided to or approved of the decision to classify Plaintiff as salaried, to pay a salary less than the USDOL minimum salary allowed and/or not having sufficient salaried duties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually requests the following:

1. That the Court find the Defendants' violations of the FLSA and IMWL were willful;

2. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, IMWL, IWPCA, and Illinois common law.

3. Restitution for all minimum wages, overtime payments, and compensation that are due to Plaintiff;

4. Restitution for all other benefits due to Plaintiff to which she was entitled as an employee;

5. Attorney's fees and costs; and

6. Any other relief to which the Plaintiff may be entitled.

**COUNT VI**
**MISCLASSIFICATION OF PLAINTIFF**
**AS AN "INDEPEDANT CONTRACTOR"**
**PURSUANT TO FLSA**

95. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

96. Defendants appear to have classified Plaintiff as an "Independent Contractor", based on Defendants failure to take any deductions from Plaintiff's wages.

97. As described above, and incorporated here, Plaintiff should not have been classified as an independent contractor, as any classification test clearly places Plaintiff in the "employee" class.

98. Defendants intentionally failed to pay Plaintiff any wages at all, let alone the minimum or overtime wages required under the FLSA.

99. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

100. Plaintiff consented to the filing of this claim.

## COUNT VII

## (Misclasssification Claims for pursuant to IMWL)

101. Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

102. Defendant intentionally failed to pay Plaintiffs any wages at all, let alone the minimum and overtime wages required under the IMWL.

103. Defendant's conduct and practice, as described above, are and/or were willful, intentional, unreasonable, arbitrary and in bad faith.

104. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees provided by the IMWL.

**PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiffs, individually,

respectfully prays that each Defendant be summoned to appear and answer herein; for

orders as follows:

(A)     For an order of this Honorable Court entering judgment in
Plaintiffs' favor against each Defendant, jointly and severally;

(B)     That the Court award Plaintiffs' their actual economic damages
in an amount to be determined at trial, but in any event an amount not
less than that which would compensate them for unpaid back wages;

(C)     A declaratory judgment that Defendant's practices alleged herein
violate the Fair Labor Standards Act, 29 U.S.C. §201, <u>et sea</u>., and
attendant regulations at 29 C.F.R. §516 et sea..;

(E)    A declaratory judgment that Defendant's
practices alleged herein violate the Illinois Minimum Act,

(F)    Judgment for damages for all unpaid regular
wages and overtime compensation under the
Fair Labor Standards Act, 29 U.S.C. §201, *et
seq.,* and attendant regulations at 29 C.F.R.
§516 et sea.:

(G)    Judgment for damages for all unpaid regular
wages and overtime compensation under the
Illinois Minimum Wage Law, and attendant regulations;

(H) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et
seq* in an amount equal to all unpaid regular wages and overtime compensation owed to
Plaintiffs during the applicable statutory period;

(I) Judgment for liquidated damages pursuant to the Illinois Minimum Wage Law,. and attendant
regulations;

(J) Judgment for any and all civil penalties to which Plaintiffs' may be entitled;

(K) For an equitable tolling of the statutes of limitations due to violations of applicable laws by
Defendant;

(L) An order directing Defendant to pay Plaintiffs prejudgment interest, reasonable attorney's fees
and all costs connected with this action; and

(M) Such other and further relief as this Court may deem necessary, just and proper.

## DEMAND FOR JURY TRIAL

Dated: June 4, 2018

Respecfully submitted,
    Theresa Thurman

By:    /s/ John C. Ireland
    One of his attorneys

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
T: 630-464-9675

F: 630-206-0889
Attorneyireland@gmail.com
Attorney Number 6283137